IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL CASE NO.: 1:12-CR-33-SA

JEFFREY LEE JONES  DEFENDANT

ORDER

On November 30, 2020, the Defendant filed a Motion for Early Termination of Supervised Release [30]. The Government has filed a Response [31] opposing the requested relief. The Government's Response [31] also indicates that the United States Probation Service opposes the Defendant's request. The Court is now prepared to rule.

"[T]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1).

In his Motion [30], the Defendant notes that he "has been a model probationer, has not been violated [sic], has exercised all manner of probationary terms, has fully cooperated with his Probation Officer and is not now nor has he ever been in violation of any of the terms of such probation and Supervised Release." While recognizing that this Court does have authority to grant the relief the Defendant requests, the Government emphasizes that the crime for which the Defendant was convicted, possession of images of child pornography, carries a minimum five year team of supervised release, which constitutes a "statutory recognition that such crimes merit close post-prison supervision." [31].

The Court finds the Government's argument to be persuasive. Other than contending that he has not violated the terms of his supervision, the Defendant provides no real basis for the Court to terminate his supervision. As noted by the Government, the statutory minimum of five years supervision indicates a clear policy decision regarding these types of offenses. Furthermore, the Court has considered the applicable Section 3553 factors, including but not limited to the nature and circumstances of the offense and the history and characteristics of the Defendant and the need for the sentence imposed. Taking these factors into account and considering the fact that the Defendant has set forth no compelling arguments to support his request, the Court finds that the Defendant's supervised release should not be terminated early.

For the reasons set forth above, the Defendant's Motion for Early Termination of Supervised Release [30] is DENIED.

SO ORDERED, this the 26th day of January, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE